```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
SHIREEN DEEN, AURIN SQUIRE, LATOYA   |
NASH, TERINA WESTMEYER, and MEGAN    |
KILIAN,                              |
                                     |
          Plaintiffs,                |
                                     |    05 Civ. 7174 (KMW)
     -against-                       |
                                     |    OPINION AND ORDER
NEW SCHOOL UNIVERSITY,               |
                                     |
          Defendant.                 |
                                     |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Plaintiffs Shireen Deen, Latoya Nash, Terina Westmeyer, and Megan Kilian, former graduate students at Defendant New School University ("New School"), bring this action asserting claims for breach of contract and deceptive business practices based on changes made to Defendant's graduate drama program in 2005.[1] By notice of motion, dated April 27, 2007, Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), to certify this case as a class action. Defendant opposed the motion. For the reasons stated below, the motion is denied.

---

[1] Plaintiff Aurin Squire, a 2005 graduate of Defendant's graduate drama program, has withdrawn from the case pursuant to the Court's March 27, 2007 Opinion and Order, which concluded that members of Squire's graduating class do not have a viable claim. See Deen v. New School University, No. 05 Civ. 7174, 2007 WL 1032295, at *1 (S.D.N.Y. Mar. 27, 2007).

1

**BACKGROUND**

A more detailed description of the facts underlying this action is set forth in the Court's earlier Opinion and Order, familiarity with which is assumed. See Deen v. New School University, No. 05 Civ. 7174, 2007 WL 1032295, at *1 (S.D.N.Y. Mar. 27, 2007).

Defendant is an accredited university located in New York, NY.[2] (Compl. ¶ 8.)  Beginning in 1994, Defendant contracted with The Actors Studio, Inc. ("The Actors Studio") to jointly offer a master's degree program in dramatic arts under the name "The Actors Studio Drama School of New School University." (Lupone Aff. Ex. 1, Dec. 12, 2006.)  The contract between the parties expired in 2005, and the degree program was thereafter renamed "The New School for Drama."  (Compl. ¶¶ 16, 18.)

Plaintiffs are professional artists who enrolled in Defendant's Actors Studio Drama School degree program as graduate students from 2003 through 2004.  (Compl. ¶¶ 4-7.)  In their Complaint, Plaintiffs allege that the name change and other alterations to the degree program following the termination of the contract between Defendant and The Actors Studio constitute breach of contract and deceptive practices under New York General

---

[2] Defendant claims that its correct name is "The New School," and not "New School University." (Defs.' Opp'n 1.) The Court will adhere to the party names used in Plaintiffs' Complaint until the parties move to amend the pleadings, or otherwise consent to such an amendment. See Fed. R. Civ. P. 15 (2007).

Business Law § 349.  (Compl. ¶ 22.)  The Complaint also asserts claims of unjust enrichment and false advertising under New York General Business Law § 350.  (Compl. § 22.)

On March 27, 2007, the Court dismissed Plaintiffs' unjust enrichment and false advertising claims, but upheld Plaintiffs' breach of contract and deceptive practices claims to the extent that they are based on Defendant's failure to award diplomas bearing The Actors Studio name.  <u>Deen</u>, 2007 WL 1032295, at *4.  Plaintiffs now move to certify a class of plaintiffs composed of "more than one hundred" students who enrolled in The Actors Studio Drama School of New School University from 2003 through 2004.  (Pls.' Mem. Law 8.)

**<u>DISCUSSION</u>**

**I.   <u>CLASS CERTIFICATION REQUIREMENTS UNDER RULE 23.</u>**

Federal Rule of Civil Procedure 23 sets forth a two-step analysis for determining whether a court may certify a particular case as a class action.  First, under Rule 23(a), Plaintiffs must show that (1) the proposed class is so numerous that joinder of all class members is impracticable, (2) there are questions of law or fact common to the class, (3) Plaintiffs' claims or defenses are typical of the claims or defenses of the class, and (4) Plaintiffs will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a) (2007).

3

Second, Plaintiffs must establish that the proposed class falls within one of the three subsections of Rule 23(b). Here, Plaintiffs rely on the third subsection, which authorizes class certification only where (1) the questions of law or fact common to the class predominate over those unique to its individual members, and (2) the class action is superior to other available forms of adjudication. Fed. R. Civ. P. 23(b)(3) (2007).

The burden of proving each of the requisite elements of Rule 23 is on the party seeking class certification, and failure to prove any of these elements precludes class certification. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Caridad v. Metro-North Commuter RR, 191 F.3d 283, 291 (2d Cir. 1999). Although "Rule 23 is given liberal rather than restrictive construction," Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997) (per curium) (quotations omitted), the Supreme Court has held that a reviewing court must undertake a "rigorous analysis" to determine whether class certification is appropriate in any given case, General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).

Here, Plaintiffs fail to show that the proposed class is so numerous as to make joinder impracticable under Rule 23(a)(1). Class certification in this case is therefore unwarranted.

## II. **PLAINTIFFS FAIL TO SHOW THAT JOINDER IS IMPRACTICABLE UNDER RULE 23(a)(1).**

*A. The Numerosity Requirement of Rule 23(a)(1).*

Rule 23(a)(1) requires Plaintiffs to demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1) (2007). In making this showing, Plaintiffs need not provide a "precise quantification" of their proposed class, but they must at least show "some evidence of or reasonably estimate the number of class members." LeGrand v. New York City Transit Auth., No. 95 CV 0333, 1999 WL 342286, at *3 (E.D.N.Y. May 26, 1999) (internal quotations and citations omitted). Courts generally presume this "numerosity" requirement satisfied where the proposed class is comprised of forty or more members. Town of New Castle v. Yonkers Contracting Co., 131 F.R.D. 38, 40 (S.D.N.Y. 1990). However, "no magic minimum number . . . establishes numerosity," United States Fidelity & Guar. Co. v. Madison Fin. Corp., No. 01 Civ. 3998, 2002 WL 31731020, at *6 (S.D.N.Y. Dec. 4, 2002), and a reviewing court must focus on the "ultimate issue" of "whether the class is too large to make joinder practicable," Ansari v. New York University, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

In making this determination, a court must consider (1) the judicial economy that will result from the avoidance of a multiplicity of actions, (2) the geographic dispersion of members of the proposed class, (3) the financial resources of those members, (4) the ability of those members to file individual lawsuits, and (5) requests for prospective injunctive relief that

involve future class members. Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993) (citing 1 Newberg on Class Actions § 3.05 (2d ed. 1985)).

    *B.    Numerosity Analysis.*

Plaintiffs claim, and Defendant does not dispute, that their proposed class comprises approximately 110 students who graduated from The Actors Studio Drama School of New School University in either 2006 or 2007. (Pls.' Reply 2; Lupone Aff. ¶ 6, Jun. 8, 2007.) Although this figure is sufficient to raise a presumption of numerosity, an analysis of the Robidoux factors indicates that joinder is not impracticable in this case. Plaintiffs therefore fail to satisfy the numerosity requirement. See also Elliot Assocs. v. J. Henry Schroder Bank & Trust Co., 655 F. Supp. 1281, 1285 (S.D.N.Y. 1987) ("In dealing with the issue of numerosity, we deal with it not in absolute numbers, but in the relationship of the numbers of the putative class members involved to their economic interests and all of the other circumstances peculiar to [each] case.").

First, Plaintiffs fail to show why class certification as opposed to joinder would better serve the interests of judicial economy in avoiding a multiplicity of actions. To satisfy the judicial economy factor, Plaintiffs must show that "the difficulty of joining all members . . . makes class litigation desirable." CL-Alexanders Laing & Cruickshank v. Goldfeld, 127

6

F.R.D. 454, 455 (S.D.N.Y. 1989) (citing <u>Northwestern Nat'l Bank v. Fox & Co.</u>, 102 F.R.D. 507, 510 (S.D.N.Y. 1984)). This is because joinder could equally serve the interests of judicial economy in many cases. See, e.g., <u>LeGrand</u>, 1999 WL 342286, at *5 (noting that "[c]lass certification will thus produce no saving of judicial effort, while joinder . . . would fortify control over the proceeding"). In this case, Plaintiffs provide no evidence that joinder of the proposed class members into a consolidated action would be difficult to accomplish, or that this method of adjudication would be somehow less efficient than class certification in resolving this dispute. Without such a showing, Plaintiffs cannot satisfy the judicial economy factor. <u>See, e.g.</u>, <u>Primavera Familienstiftung v. Askin</u>, 178 F.R.D. 405, 410 (S.D.N.Y. 1998) (denying class certification in a case involving a proposed class of approximately 118 members where plaintiff failed to show the benefit of class certification as opposed to joinder in terms of promoting judicial economy); <u>Liberty Lincoln Mercury, Inc. v. Ford Marketing Co.</u>, 149 F.R.D. 65, 74 (D.N.J. 1993) (finding that "whether viewed as a potential class of 38 or 123 members, this number is not so large as to preclude joinder of all potential plaintiffs").

Second, Plaintiffs provide insufficient evidence to show that the proposed class members are geographically dispersed. To show that the proposed class members are geographically

7

dispersed, Plaintiffs must demonstrate that the proposed class members reside in such disparate locations that joinder of all members into a single action would be impracticable. See, e.g., In re Medical X-ray Film Antitrust Litig., No. CV-93-5904, 1997 WL 33320580, at *3 (E.D.N.Y. Dec. 26, 1997) (finding joinder impracticable where proposed class members were "geographically dispersed across the country"). Here, Plaintiffs provide information regarding the residency of only a handful of proposed class members, making it impossible for the Court to determine whether the proposed class members are geographically dispersed. (Compl. §§ 6, 7; Anderson Aff. Ex. A; Lupone Aff. Ex. F, Jun. 8, 2007). Although Plaintiffs assert that the proposed class members are "aspiring acting professionals," who "regularly move from city to city and from state to state in order to obtain work" (Pls.' Reply 4), such conclusory assertions are insufficient to satisfy Plaintiffs' burden of proof on this issue.[3] See, e.g., Edge v. C. Tech Collections, Inc., 203 F.R.D.

---

[3] The Court notes that Plaintiffs have access to recent addresses of most, if not all, members of the proposed class, and therefore could have obtained further information supporting their geographic dispersion claim had they chosen to do so. (Pls.' Mem. Law 8; Lupone Aff. ¶ 17, Jun. 8, 2007.) Moreover, the fact that Plaintiffs have access to this contact information militates against a finding that joinder is impracticable, because having the ability to contact prospective class members eases any purported burden of seeking joinder in the first place. See Ansari, 179 F.R.D. at 115 (noting that knowledge of proposed class members' whereabouts "should provide comfort to [plaintiff] who, if he so chooses, can contact each of [the proposed class members], apprise each of his lawsuit, and invite each to join"); see also Primavera, 178 F.R.D. at 410 (explaining that "[k]nowledge of names and existence of members has

8

85, 89 (E.D.N.Y. 2001) (finding that plaintiff's numerosity showing cannot be based on "pure speculation or bare allegations"); 5 Moore's Federal Practice § 23.60 ("[A] class action must satisfy each of the requirements of Rule 23, and the plaintiff must plead more than a simple reiteration of those requirements in conclusory allegations.").

Third, Plaintiffs also fail to demonstrate that the proposed class members lack the financial resources to join in Plaintiffs' lawsuit. Joinder may be deemed impracticable where prospective class members are financially incapable of joining the lead lawsuit. See Ansari, 179 F.R.D. at 115 (citing Robidoux, 987 F.2d at 936). In this case, Plaintiffs assert that the proposed class is "comprised of drama students who often do not have stable or consistent employment." (Pls.' Reply 4.) Plaintiffs support this claim with several affidavits by proposed class members, each of whom assert that they may not have the financial resources to join Plaintiffs' lawsuit due to student loan debt and inconsistent employment. (Anderson Aff. Exs. A & B; Lupone Aff. Exs. A-G, Jun. 8, 2007). At the same time, however, Plaintiffs claim that they are entitled to damages equal to reimbursement of tuition and related expenses. (Pls.' Reply 10-11.) Plaintiffs' potential damages award could therefore amount

---

been called the most important factor, precisely because it renders joinder practicable") (internal quotations omitted).

to up to $60,000 per individual. (Def.'s Opp'n 13.) Where, as here, the size of the proposed class members' respective claims is significant, courts have found joinder practicable. See, e.g., Ansari, 179 F.R.D. at 116 (finding that potential award of approximately $90,000 "is hardly the type of de minimus recovery that would discourage individual class members from joining [plaintiff's] lawsuit"); cf. Stoudt v. E.F. Hutton & Co. Inc., 121 F.R.D. 36, 38 (S.D.N.Y. 1988) ("When the size of each claim is significant, and each proposed class member therefore possesses the ability to assert an individual claim, the goal of obtaining redress can be accomplished without the use of the class action device."). Plaintiffs have thus failed to show that the purported class members lack the financial resources to join in Plaintiffs' lawsuit.

Fourth, and for similar reasons, Plaintiffs fail to show that the proposed class members are otherwise incapable of bringing individual lawsuits should they choose to do so. A court may find joinder impracticable where circumstances other than a lack of financial resources prevent prospective class members from joining the lead lawsuit. However, as the Ansari court concluded when faced with similar factual circumstances, "[t]his is not a situation where the class members are incarcerated, unsophisticated, or elderly." Ansari, 179 F.R.D. at 115 (internal citations omitted). Rather, the proposed class

members are "educated professionals" who have the "monetary incentive to protect their own interests" due to the size of their potential damage awards. Id.; Giullari, 1997 WL 65862, at *3 (denying class certification where proposed class "consists mainly of professionals capable of bringing their own individual lawsuits" and individual claims ranged from $1,500 to over $100,000).

Fifth, this is not a case where the existence of "future class members" makes joinder impracticable. Roubidoux, 987 F.2d at 936. Joinder may be deemed impracticable where there are "persons who may be injured in the future and who are, therefore impossible to identify in the present." Ansari, 179 F.R.D. at 116 (citing Moore's Federal Practice § 23.22[7] (3d ed. 1997); see also Roubidoux, 987 F.2d at 936 (noting that the "fluctuating membership" of a proposed class is relevant to determining whether joinder is practicable). Here, however, the proposed class consists of a "finite number of people all of whom are identifiable and all of whom have been injured, if at all, in the past." Ansari, 179 F.R.D. at 116. There is therefore no risk that the existence of "future class members" makes joinder impracticable.

Thus, none of the Robidoux factors weighs in favor of finding joinder impracticable in this case. Accordingly, the Court concludes that Plaintiffs have failed to satisfy the

numerosity requirement of Rule 23(a)(1).

**CONCLUSION**

Plaintiffs have failed to satisfy one of the requirements of Rule 23. Plaintiffs have not shown that the proposed class is so numerous as to make joinder impracticable under Rule 23(a)(1). Accordingly, their motion for class certification is DENIED. A Rule 16(b) conference shall be held in this case in accordance with the Court's Scheduling Order, dated February  1 , 2008.

SO ORDERED.

Dated:   New York, New York
         February  1 , 2008

                                    /s/ Kimba M. Wood
                                    _____
                                    Kimba M. Wood
                                    United States District Judge