USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
LATOYA NASH, TERINA WESTMEYER, SONIA       |
ALCAZAR, SELENA AMBUSH, AARON BLACK,       |
DJOLA BRANNER, DUSTIN CROUSE, CHRIS        |
DAVENPORT, NICK FLEMING, JOE FUSELLI,      |
LYANISHA GONZALEZ, JESSICA HOARD, MARK     |  05 Civ. 7174(KMW)(FM)
HOWARD, ANDREW KEPKA, KERRY LEE, MEGAN     |
MIODUSKI, MAURICE PERDREAU, ALLEGRA        |  OPINION AND ORDER
PICKET, ROLANDO RAMOS, EILEEN REARDON,     |
LENNARD RIDSDALE, JENNIFER SMOLOS, DAVID   |
SVOBODA, MERVE TASKAN, KRISTYL TIFT,       |
LLOYD WATTS, and MARQUEA WHITE,            |
                                           |
                    Plaintiffs,            |
                                           |
      -against-                            |
                                           |
THE NEW SCHOOL,                            |
                                           |
                    Defendant.             |
------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

This lawsuit is brought by former graduate drama students of defendant, The New School ("New School"), and arises from changes New School made to its master's in dramatic arts program ("drama program").[1] On March 31, 2009, the Court denied, in a summary order, New School's motion to dismiss three of the five claims in Plaintiffs' consolidated amended complaint. (D.E. 84.) The Court's reasons for doing so are stated below.

---

[1] For the purposes of their breach of contract claims, Plaintiffs divide themselves into two groups: (1) those plaintiffs who graduated from the drama program ("Graduating Plaintiffs"), and (2) those who matriculated in the drama program, but left prior to graduating ("Non-Graduating Plaintiffs"). The Graduating and Non-Graduating Plaintiffs bring separate, and slightly different, breach of contract claims. All other claims are brought by all the plaintiffs ("Plaintiffs").

1

## BACKGROUND

A more detailed description of the Plaintiffs' allegations is provided in the Court's previous order, familiarity with which is presumed. See e.g., Order (March 27, 2007), (D.E. 47) (the "2007 Order").

At the time Plaintiffs enrolled in the drama program, (1) New School offered the program jointly with The Actors Studio, Inc. (the "Actors Studio"); (2) the drama program was named "The Actors Studio Drama School of New School University" (the "Actors Studio name"); and (3) graduates of the drama program were awarded a diploma that bore the Actors Studio name. In 2005, the contract between New School and Actors Studio, pursuant to which this joint drama program was offered, expired. Thereafter, New School changed the drama program's name to "The New School for Drama" (the "New School name") and began issuing diplomas that bore only the New School name. As a result, Plaintiffs did, or would have, received a diploma bearing only the New School name upon their graduation from the drama program.

Initially, only Graduating Plaintiffs sued New School on behalf of a purported class of graduates. They asserted claims for breach of contract, unjust enrichment, false advertising, and deceptive business practices, arising from the changes New School made to the drama program after New School's contract with Actors

Studio expired.

New School moved to dismiss all claims; Plaintiffs cross-moved for summary judgment.  After notice to the parties, the Court converted New School's motion to dismiss to a motion for summary judgment.  With Plaintiffs' consent, the Court granted New School's motion as to Plaintiffs' unjust enrichment and false advertising claims.  The Court found ambiguous a provision of New School's catalogue, upon which Plaintiffs' deceptive business practices and breach of contract claims relied.  Accordingly, the Court denied the cross-motions for summary judgment with respect to these two claims.[2]

Thereafter, Graduating Plaintiffs moved for class certification, which the Court denied on the ground that Plaintiffs failed to demonstrate that the proposed class was so numerous as to make joinder impracticable.  The Court granted Plaintiffs' motion to amend their complaint,[3] and Plaintiffs filed a consolidated amended complaint July 11, 2008.  In their consolidated amended complaint, Plaintiffs dropped two plaintiffs and added a number of new plaintiffs, including, for the first

---

[2] The Court did, however, find that New School's catalogue precluded, on its face, several of the bases Plaintiffs asserted for their breach of contract claim.  See 2007 Order 12-14.

[3] Plaintiffs also moved to join new plaintiffs; Magistrate Judge Frank Maas, to whom the case had been referred, deemed Plaintiffs' motion to join moot when he granted Plaintiffs' motion to amend their complaint.

time, the Non-Graduating Plaintiffs.[4]  Plaintiffs added a breach of contract claim on behalf of the Non-Graduating Plaintiffs, and added claims for fraud and for negligent misrepresentation on behalf of all plaintiffs.

In response, New School filed this motion.  New School moves to dismiss (1) Plaintiffs' lawsuit for failing to adequately allege diversity jurisdiction; (2) Plaintiffs' fraud and negligent misrepresentation claims; and (3) the Non-Graduating Plaintiffs' breach of contract claim.

**DISCUSSION**

For the reasons stated below, the Court denies New School's motion to dismiss in all respects.  The Court (1) (a) grants Plaintiffs leave to amend their consolidated amended complaint to specifically allege the citizenship of all Plaintiffs, and (b) denies New School's motion to dismiss Plaintiffs' lawsuit on the grounds that Plaintiffs inadequately plead diversity jurisdiction; (2) concludes that Plaintiffs have sufficiently

---

[4] Initially, the Court had jurisdiction over Plaintiffs' lawsuit pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Because the Court denied Plaintiffs' motion for class certification, Plaintiffs must now establish the Court's diversity jurisdiction over their state law claims.  Plaintiffs' consolidated amended complaint drops two plaintiffs and alleges that all remaining plaintiffs are citizens of a different state than New School and/or were plaintiffs at the time the original class action was filed.  (Consol. Am. Compl. ¶ 2.)  Plaintiffs clarify, in their opposition papers, that all remaining plaintiffs are diverse.  (Pls.' Opp'n 8.)  As explained below, the Court grants Plaintiffs leave to amend their consolidated amended complaint so as to specifically list the citizenship of each Plaintiff.  See infra Discussion part I.

4

alleged claims for (a) fraud, and (b) negligent misrepresentation; concludes that the Non-Graduating Plaintiffs have sufficiently alleged a claim for breach of contract.

I.  **MOTION TO AMEND**

The Court grants Plaintiffs leave to amend their consolidated amended complaint as indicated in Plaintiffs' proposed second consolidated amended complaint.  New School's motion to dismiss Plaintiffs' lawsuit for failing to adequately plead diversity jurisdiction is denied without prejudice, and with leave to refile if Plaintiffs do not amend their complaint as permitted here.

The Court construes Plaintiffs' request to replead diversity jurisdiction as a motion to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a).  "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility," courts should grant Rule 15 leave to amend.  <u>Monahan v. New York Dept. of Corr.</u>, 214 F.3d 275, 283 (2d Cir. 2000).

There is no evidence that Plaintiffs have unduly delayed their motion to amend their complaint; indeed, they made it less than a month after filing their Consolidated Amended Complaint.  In addition, there is no evidence that they have acted in bad faith or with any dilatory motive.  Furthermore, New School has not stated any reason why granting Plaintiffs' motion to amend

would prejudice New School, and the Court does not perceive any reason why granting the motion would do so.

Accordingly, Plaintiffs are granted leave to amend their Consolidated Amended Complaint to replead diversity jurisdiction. If Plaintiffs do not do so, New School may refile its motion to dismiss Plaintiffs' lawsuit for inadequate pleading of diversity jurisdiction.

## II.  PLAINTIFFS' FRAUD CLAIM

The Court denies New School's motion to dismiss with regard to Plaintiffs' fraud claim because the Court finds that, contrary to New School's contention, (1) Plaintiffs' fraud claim is sufficiently independent of their breach of contract claims, and (2) Plaintiffs have sufficiently alleged reliance and scienter.

### A.  Independence of Fraud Claim

New School contends that Plaintiffs fail to adequately plead fraud because Plaintiffs merely allege that New School breached its contract.  For the reasons stated below, the Court disagrees with New School's characterization of Plaintiffs' claim.

#### 1.  Legal Standard

##### a.  Fraudulent Inducement

Under New York law, in order to adequately plead a claim of fraudulent inducement by omission, a party must allege all of the following four elements: (1) the opposing party's concealment of information that she had a duty to disclose; (2) the opposing

6

party's intention to defraud, or <u>scienter</u>; (3) the pleading party's reliance on his resulting mistaken impression; and (4) damages.[5]  See <u>TVT Records v. Island Def Jam Music Group</u>, 412 F.3d 82, 90-91 (2d Cir. 2005) (citing <u>Brass v. Am. Film Tech., Inc.</u>, 987 F.2d 142, 152 (2d Cir. 1993)).

In order to satisfy the first element of fraudulent inducement by omission, a party must establish both (1) that the concealing party had a duty to disclose, and (2) that the concealing party's omission was factual.  A duty to disclose arises where all of the following three conditions are met: one party (1) possesses superior knowledge that is (2) not readily available to the other party, <u>and</u> (3) "knows that the other party is acting on the basis of mistaken knowledge."[6]  <u>Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank</u>, 731 F.2d 112, 123 (2d Cir. 1984).  In order for an omission to be factual, the concealing party must have omitted a fact that was known to her at the time she allegedly failed to disclose it (a "present fact").  See <u>Merrill Lynch</u>, 500 F.3d 171, 184 (2d Cir. 2007).

---

[5] New School argues that Plaintiffs have failed to assert an independent fraud claim because they have failed to allege any active misrepresentation by New School.  (<u>See</u> Def.'s Reply 4-5.)  New School is correct that Plaintiffs do not allege any active <u>misrepresentation</u> on New School's part.  But this does not dispose of Plaintiffs' fraud claim, which turns on New School's alleged fraudulent <u>concealment</u> and <u>omission</u> of facts, not misrepresentation.  (<u>See</u> Am. Consol. Compl. ¶¶ 41-43.)  Accordingly, the cases New School cites regarding fraudulent misrepresentation are inapposite.

[6] A duty to disclose may also arise out of a fiduciary relationship.  <u>Aaron Ferer</u>, 731 F.2d at 123.

### b. Separate Fraud and Contract Claims

Under New York law, a plaintiff cannot transform a breach of contract claim into a fraud claim simply by alleging that a defendant "entered the . . . agreement while intending not to perform it." Angel v. Bank of Tokyo-Mitsubishi, Ltd., 835 N.Y.S.2d 57, 59 (1st Dep't 2007). However, if a claim for fraudulent inducement is sufficiently separate and distinct from a claim for breach of contract, then a plaintiff may plead both causes of action.[7] Rosen v. Spanierman, 894 F.2d 28, 35 (2d Cir. 1990); see also Clifford R. Gray, Inc. v. LeChase Const. Servs., LLC, 819 N.Y.S.2d 182, 186 (3d Dep't 2006).

If a plaintiff sufficiently alleges that a defendant (1) owed the plaintiff a duty to disclose, and (2) omitted what was, at the time, a present fact, a plaintiff establishes a fraud claim that is sufficiently separate and distinct from a claim for breach of contract so as to be allowed to plead both causes of action.[8] Merrill Lynch, 500 F.3d at 183-184 (quoting

---

[7] The Court fails to see the logic of New School's contention that the Court, by characterizing New School's relationship with its students as contractual in a prior order, precluded Plaintiffs from claiming that New School defrauded them. (Def.'s Mem. L. Supp. Mot. Dismiss "Def.'s Mem. L." 6; Def.'s Reply 4.) The Court's order merely recognized that New York law construes the relationship between an educational institution such as New School and its students as contractual in nature. 2007 Order 6. For the same reasons that a claim in fraud and in contract can arise between the same two parties, characterizing the relationship between New School and Plaintiffs as contractual in no way precludes the possibility that New School also defrauded Plaintiffs.

[8] This is not the only way that a plaintiff can establish that the plaintiff's fraud claim is sufficiently distinct from the plaintiff's contract claim to

8

Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 20 (2d Cir. 1996)); see also Papa's-June Music, Inc. v. McLean, 921 F. Supp. 1154, 1161 (S.D.N.Y. 1996) (collecting cases holding that a breaching party's failure to discharge the breaching party's duty to disclose can create a basis for the non-breaching party to plead both fraud and contract claims).

This is so even if the allegedly fraudulent omission also induced a contract. Merrill Lynch, 500 F.3d at 184 (quoting First Bank of the Americas v. Motor Car Funding, Inc., 690 N.Y.S.2d 17, 21 (1st Dep't 1999)); see, e.g. Brass, 987 F.2d at 152 (finding fraudulent inducement claim sufficiently pled where plaintiff alleged that defendant concealed the fact that contracted-for securities would be restricted).

However, if a contracting party merely conceals future goals that, had they been revealed, would have done no more than indicate that the defendant had no intention of performing its contractual obligations, there is no basis for a separate fraud claim. See TVT Records, 412 F.3d at 91-92; but cf. Graubard Mollen Dannett & Horowitz v. Moskovitz, 86 N.Y.2d 112, 122 (1995) ("A false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties").

---

plead both causes of action. A plaintiff may also plead both causes of action if the plaintiff either points to a fraudulent misrepresentation that is collateral or extraneous to the contract, or seeks special damages that are unrecoverable as contract damages. Merrill Lynch, 500 F.3d at 183.

## 2. Application

Plaintiffs allege that New School failed to disclose a present fact that it had a duty to disclose. Accordingly, Plaintiffs allege a basis for their fraud claim that is distinct from their claim for breach of contract.

First, Plaintiffs allege that New School concealed that its contract with the Actors Studio was set to expire before Plaintiffs' completion of the drama program. (Consol. Am. Compl. ¶ 41.) Second, Plaintiffs allege that New School knew, and concealed, that there were "significant impediments to the contract being renewed or renegotiated."[9] (Am. Compl. ¶ 42.)

Plaintiffs' allegations also suffice to establish New

---

[9] The Court notes that whether these "significant impediments" were factual must be decided by the trier of facts. As alleged, it is unclear whether New School knew that these impediments existed or merely could have predicted that they would arise. Predictions may not be factual. Cf. Matsumura v. Benihana Nat'l Corp., 542 F. Supp. 2d 245, 252 (S.D.N.Y. 2008) ("It is axiomatic . . . that predictive or opinion statements about future events, without more, are not misrepresentations"). However, drawing all inferences in the Plaintiffs' favor, as the Court must do on a motion to dismiss, the Court treats this allegation as an omission of a present fact.
    Plaintiffs also allege that New School concealed that "there was a significant possibility that the Actors Studio contract would not be renewed or renegotiated; and that, as a result, there was a significant possibility that Plaintiffs would not complete their education under the auspices of, or receive diplomas from, the Actors Studio Drama Program." (Consol. Am. Compl. ¶ 44.) Because it finds that New School made other factual omissions, the Court need not reach whether the New School's omission of these "significant possibilit[ies]" was factual. However, the Court notes, without deciding, that this allegation appears, on its face, to indicate only the substance of New School's intention to perform.

School's duty to disclose. Plaintiffs allege that New School had superior knowledge of the contract's expiration date and of the parties' respective negotiating positions. (Consol. Am. Compl. ¶ 44.) Plaintiffs also allege facts that give rise to an inference that this information was not readily available to them. (Id. at ¶¶ 14, 44.) Finally, Plaintiffs allege that New School knew that Plaintiffs enrolled in the drama program on the mistaken assumption that New School's contract with Actors Studio would be in place during the time it would take Plaintiffs to complete the drama program. (Id.); cf. Merrill Lynch 412 F.3d at 92 (suggesting that concealed information that would have made contracted-for obligations less valuable gives rise to a fraud action sufficiently independent of a claim for breach of contract).

Because Plaintiffs allege both that New School had a legal duty independent of New School's duty to perform under the contract, and that New School omitted present facts, Plaintiffs' fraud claim is sufficiently distinct from their contract claims to survive this motion to dismiss.[10]

---

[10] Because the Court concludes that Plaintiffs' fraud claim survives because Plaintiffs' allegations support New School's duty to disclose, the Court need not reach Plaintiffs' argument that their fraud claim can proceed because they request different damages in their fraud and contract claims. (See Pls.' Opp'n 5-6.)

**B.     Reliance**

New School contends that, because its catalogue stated that its "'degree programs . . . are subject to change without notice'" (New School's "catalogue provision"), 2007 Order 10 (quoting catalogue), Plaintiffs cannot claim the reliance necessary to support their claim for fraudulent inducement. (Def.'s Mem. L. 7-9; Def.'s Reply 6-8.) The Court finds New School's argument unpersuasive.

Certain contract provisions can bar a party from claiming reliance on a mistaken assumption that arises due to fraudulently concealed information ("mistaken assumption"). The contract provision must state affirmatively that the party disclaims reliance specifically on, inter alia, the subject about which the contracting party allegedly concealed information ("disclaimer provision"). See Manufacturers Hanover Trust Co. v. Yanakas, 7 F.3d 310, 315 (2d Cir. 1993) ("Hanover"); see, e.g., Harsco Corp. v. Segui, 91 F.3d 337, 345 (2d Cir. 1996) (dismissing plaintiff's fraud claim where plaintiff had disclaimed reliance on defendant's alleged misrepresentations because plaintiff's contract with defendant stated that defendant made no representations regarding the specific subjects plaintiff alleged that defendant had misrepresented).

The catalogue provision reserves to New School the right to change at least some aspects of its degree programs without notice. However, the provision's meaning is ambiguous, and it does not affirmatively or specifically (1) discuss New School's contract with Actors Studio, or (2) disclaim reliance on subjects not addressed in the catalogue. Accordingly, the catalogue provision does not bar Plaintiffs from alleging that they reasonably relied on their assumption that New School's contract with Actors Studio would remain in place during their tenure in the drama program.[11]

### C. Scienter

Plaintiffs sufficiently allege New School's intent to defraud, the scienter element of Plaintiffs' fraudulent concealment claim.[12]

---

[11] That the catalogue provision does not constitute the disclaimer New School urges is illustrated by cases in which courts have found fraud claims barred by disclaimer provisions. See, e.g., Harsco, 91 F.3d at 345 (dismissing fraud claim where it was barred by a disclaimer that affirmatively stated that defendant made no representation regarding a number of specific, enumerated subjects); UniCredito Italiano SPA v. JPMorgan Chase Bank, 288 F. Supp. 2d 485 (S.D.N.Y. 2003) (dismissing fraud claim where plaintiffs' reliance on allegedly fraudulent statements was unreasonable because plaintiffs signed agreements with defendants that specifically and affirmatively disclaimed providing the kind of advice plaintiffs allegedly relied on); Belin v. Weissler, No. 97 Civ. 8787, 1998 WL 391114, at *7 (S.D.N.Y. Jul. 14, 1998) (finding plaintiffs' reliance on allegedly fraudulent oral misrepresentations unreasonable, where the agreement signed by plaintiff contained a disclaimer in which he stated that he had a full opportunity to verify the truth of any oral representations defendant had made to him prior to the agreement).

[12] New School also argues that the language in its catalogue reserving to New School the right to change its degree programs without notice defeats Plaintiffs' allegations of intentional fraud. (Def.'s Mem. L. 7-9; Def.'s Reply 6-8.) Specifically, New School points out that, as the Court found in the 2007 Order, one possible reading of this catalogue provision is that it informed Plaintiffs that New School reserved the right to change any aspect of the drama program, including its name. 2007 Order 10. New School argues that if this is a possible reading of the catalogue provision, that provision "abrogates . . . any allegation of a misrepresentation with

13

### 1. Legal Standard

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

Under Rule 9(b), Plaintiffs must "allege facts that give rise to a strong inference of fraudulent intent," either by (1) "alleging facts to show that defendants had both motive and opportunity to commit fraud," or (2) "alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." In re Carter-Wallace, Inc., 220 F.3d 36, 39 (2d Cir. 2000) (internal quotations omitted).

### 2. Application

Plaintiffs' allegations regarding New School's intent to defraud satisfy the Rule 9(b) pleading standard. Plaintiffs allege that New School relied heavily on the drama program's association with the Actors Studio when it advertised and promoted the drama program to Plaintiffs. (Consol. Am. Compl. ¶ 9.) Plaintiffs also allege that New School, when promoting the drama program to Plaintiffs, concealed that New School's contract

---

intent." (Def.'s Mem. L. 7.) As the Court explained above, Plaintiffs do not allege that New School intentionally misrepresented facts, but that it fraudulently concealed them. Accordingly, this line of argument by New School is inapposite and the Court does not consider it further here.

with Actors Studio was set to expire during Plaintiffs' tenure in the drama program, and that there were significant impediments to the contract being renewed.  Plaintiffs further allege that New School concealed this information because it knew that Plaintiffs were enrolling in the drama program due to their assumption that New School's "relationship with the Actors Studio would continue throughout their attendance."  (Id. ¶¶ 14, 44.)  These allegations sufficiently plead the scienter element of Plaintiffs' fraud claim.

### D.   Conclusion

For the reasons stated above, Plaintiffs fraud claim survives this motion to dismiss.

### III. PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIM

New School's challenge to Plaintiffs' negligent misrepresentation claim tracks their challenge to Plaintiffs' fraud claim.  Specifically, New School contends that Plaintiffs' negligent misrepresentation claim is "not based on circumstances extraneous to the performance of the contract," (Def.'s Mem. L. 9), and that New School's catalogue provision precludes Plaintiffs from "stating the elements of a cause of action for negligent misrepresentation."  (Id. at 10.)

Plaintiffs' negligent misrepresentation claim turns on the

same allegations of concealment as their fraud claim.[13]  The only substantive difference is that in Plaintiffs' negligent misrepresentation claim, they allege only that New School, in concealing facts, acted negligently, rather than with an intent to deceive.  (Consol. Am. Compl. ¶ 54.)  For the reasons stated supra Discussion part II.A. & II.C., Plaintiffs' negligent misrepresentation claim survives this motion to dismiss.

## IV.  NON-GRADUATING PLAINTIFFS' BREACH OF CONTRACT CLAIM

New School contends that, because the Non-Graduating Plaintiffs left New School's drama program before graduation, they have no claim against New School for breach of contract.  The Court concludes that the Non-Graduating Plaintiffs have adequately pled their breach of contract claim.

### A.  Legal Standard

In New York, a party to a contract (the "non-repudiating party") is entitled to damages for total breach if (1) the other party repudiates her duties under the contract (the "repudiating party"), (2) before the time designated for the repudiating party's performance, and (3) before the repudiating party has received all of the consideration she is due under the contract (the doctrine of "anticipatory breach").  Long Island R.R. Co. v. Northville Indus. Corp., 41 N.Y.2d 455, 463 (1977); see also

---

[13] New School does not contend, and thus the Court does not address, whether allegations of concealment form a basis for a negligent misrepresentation claim.

Norcon Power Partners LLP v. Niagara Mohawk Power Corp., 92 N.Y.2d 458, 462-63 (1998).

## B. Application

The Non-Graduating Plaintiffs construe their contract with New School to have obligated New School to provide them, upon their graduation from the drama program, with diplomas bearing the Actors Studio name (New School's "duty" under the contract).[14] The Non-Graduating Plaintiffs allegations meet the three requirements for bringing their breach of contract claim against New School pursuant to the doctrine of anticipatory breach.

First, Non-Graduating Plaintiffs allege that New School repudiated its duty by changing the drama program's name, and thus the name on the diplomas that the program's graduates would receive. Second, Non-Graduating Plaintiffs allege that New School repudiated its duty before the Non-Graduating Plaintiffs completed the drama program (and thus before the time designated for New School's performance of its duty). Third, Non-Graduating Plaintiffs allege that New School repudiated its duty before New School had received all of its consideration pursuant

---

[14] The Court has previously construed the relationship between New School and the students in the drama program as contractual. 2007 Order 6. The Court has also previously held that the terms of this contract are ambiguous, such that New School may or may not have breached the contract when it changed the drama program's name. Id. at 11.

to the contract, including, inter alia, three years of tuition payments from the Non-Graduating Plaintiffs. Non-Graduating Plaintiffs, as the non-repudiating parties, are thus entitled, under the doctrine of anticipatory breach, to "claim damages for total breach."[15] Northville Indus., 41 N.Y.2d at 463.

---

[15] New School argues that Non-Graduating Plaintiffs cannot avail themselves of the doctrine of anticipatory breach because they did not breach the contract by leaving New School's drama program shy of graduation. New School's argument lacks merit.
    New School contends that, under Norcon, the doctrine of anticipatory breach is not available if a contract allows the non-repudiating party to unilaterally terminate the contract. However, Norcon does not limit the anticipatory breach doctrine in this way. In fact, the portion of the Norcon decision that New School cites does not concern the doctrine of anticipatory breach, but rather a doctrine ancillary to it: the doctrine of demands for adequate assurance. Norcon, 92 N.Y.2d at 462-64. Furthermore, it is the repudiating, not the non-repudiating, party's right to unilaterally terminate a contract that limits the doctrine of anticipatory breach. See 28 N.Y. Prac., Contract L. § 14:1 ("[i]f the contract does not provide the repudiating party a right to terminate it unilaterally, repudiation breaches the contract") (emphasis added).
    New School's reliance on Reprosystem, B.V. v. SCM Corp., 630 F. Supp. 1099 (S.D.N.Y. 1986), is also misplaced. Reprosystem held that the doctrine of anticipatory breach is available only to parties to a bilateral contract. New School's contract with its students "embod[ies] some mutual and interdependent conditions and obligations," including payment of tuition in exchange for a diploma upon completion of the drama program. Northville Indus., 41 N.Y.2d at 463. Although students can unilaterally terminate their contract with New School at certain times during their studies, New School assumably would be able to enforce the contract against a student who, inter alia, paid only part of a semester's tuition. Accordingly, it is bilateral, and the doctrine of anticipatory breach applies. See Robert L. Haag, Inc. v. Swift Co., 696 F.2d 30, 31-32 (2d Cir. 1982) (holding a contract mutual as long as each party could enforce some aspect of the contract, even if the parties' obligations are not identical); see also 28 N.Y. Prac., Contract L. § 2:33 ("[m]utuality of obligation does not mean that the parties' obligations under an agreement must be equivalent").
    New School also takes language from a treatise on New York contract law out of context. Taken in context, the language New School quotes observes that the doctrine of anticipatory breach is unavailable to a non-repudiating party who has completed her performance owed pursuant to the contract. See 28 N.Y. Prac., Contract

Accordingly, the Court concludes that Non-Graduating Plaintiffs have adequately pled their breach of contract claim.

**CONCLUSION**

The Court GRANTS Plaintiffs leave to amend their consolidated amended complaint only insofar as they may replead diversity jurisdiction by filing their proposed second consolidated amended complaint with the Court.  Plaintiffs shall do so no later than May 4, 2009, at 5:00 PM.

For the reasons stated above, the Court, in its March 31, 2009 Order (D.E. 84), denied New School's motion to dismiss in all respects.  Insofar as New School moved to dismiss Plaintiffs' consolidated amended complaint because Plaintiffs inadequately plead diversity jurisdiction, the Court clarifies that New School's motion, (D.E. 79), is dismissed without prejudice, and with leave to refile if Plaintiffs do not file their proposed second consolidated amended complaint as ordered above.

        SO ORDERED.
Dated:     New York, New York
        April **29**, 2009

                                          /s/ Kimba M. Wood
                                          Kimba M. Wood
                                          United States District Judge

---

L. § 14:2.  As explained above, the Non-Graduating Plaintiffs had <u>not</u> completed their performance.